UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROXANN L.,  )  |  |
|       Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:20-CV-491-JVB |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

Plaintiff Roxann L. seeks judicial review of the Social Security Commissioner's decision denying her applications for disability insurance benefits and supplemental security income and asks this Court to reverse that decision and award benefits or, in the alternative, remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's February 2017 applications for benefits, she alleged that she became disabled on April 27, 2013. After a December 17, 2018 hearing, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar and cervical spine, osteoporosis, degenerative joint disease of the left knee, degenerative joint disease of the bilateral hips, osteoarthritis of left ankle, chronic obstructive pulmonary disease with a granuloma in the lung, and obesity. (AR 18). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and the claimant can tolerate occasional exposure to extreme cold, extreme heat, humidity, vibration, fumes, odors, dusts, gases and poor ventilation.

(AR 21). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform her past relevant work. (AR 29). However, the ALJ found that Plaintiff was able to perform the representative occupations of office helper, cashier II, and mail clerk. (AR 31). Accordingly, the ALJ found Plaintiff to be not disabled from April 27, 2013, through March 28, 2019, which is the date of the ALJ's decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether she can perform her past relevant

work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ erred in evaluating Plaintiff's symptoms, in weighing medical opinion evidence, and in evaluating Plaintiff's mental impairments. The Court takes up these matters in turn.

### A. Subjective Symptoms

Plaintiff argues that the ALJ failed to properly analyze her subjective allegations. An ALJ must consider a claimant's statements about her symptoms, including pain, and how these symptoms affect the claimant's activities of daily living and ability to work. 20 C.F.R. §§ 404.1529(a), 416.929(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

> (1) The individual's daily activities;
> (2) Location, duration, frequency, and intensity of pain or other symptoms;
> (3) Precipitating and aggravating factors;
> (4) Type, dosage, effectiveness, and side effects of any medication;
> (5) Treatment, other than medication, for relief of pain or other symptoms;
> (6) Other measures taken to relieve pain or other symptoms;
> (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

Plaintiff testified that she could stand and walk for 20 minutes at a time and could lift 20 pounds. She also reported that she sometimes experienced shortness of breath despite using her inhalers. (AR 22). Plaintiff testified that standing and walking are harder for her than lifting, which

she indicated were due to COPD and emphysema. (AR 1646). The ALJ found Plaintiff's allegations to be "not consistent with the evidence." (AR 25). The ALJ supported this finding of "not consistent" as follows:

> The claimant is independent in her activities of daily living, and she was able to work part-time from 2015 to 2017 as a floral delivery driver. She lives independently, and she testified that she could perform household activities and do some light gardening. She was able to obtain a Master Gardener's certificate from Purdue University. The claimant has chronic obstructive pulmonary disease but the record indicates that she had only recently stopped smoking.

(AR 25). As discussed below, these stated reasons do not reveal any inconsistencies with Plaintiff's stated limitations.

Regarding the two-month Master Gardener course, classes were two days per week and two or three hours per class. (AR 1637). It was all in a classroom with no physical work. (AR 1642). Plaintiff alternated positions between sitting and standing while attending class. (AR 1671). Nothing in this evidence contradicts Plaintiff's allegations of her symptoms.

Regarding Plaintiff's activities of daily living, she testified to taking frequent breaks while cooking, only washing one load of laundry per week, and experiencing shortness of breath while performing household chores. (AR 1666-67). She would also alter positions while cooking. (AR 1667). She has flowerpots, houseplants, and garden beds, but she has a seated garden cart on wheels, and the seat can be raised and lowered. (AR 1639-40). These activities are not greater than Plaintiff's alleged maximum abilities.

Regarding the part-time delivery job, Plaintiff testified that she worked 12 hours per week, lifting at most 10 pounds. (AR 1635, 1652). She would make two to ten deliveries in a day. (AR 1635). If there were no deliveries, she needed to do "side work," which involved lifting 15 or maybe 20 pounds and required bending and stooping, which was a problem for Plaintiff. (AR 1636). Plaintiff testified that she could not "sustainably" work even a four or five hour workday at

4

this job. (AR 1650). This part-time work does not show that Plaintiff performed at a level greater than her stated ability.

Regarding Plaintiff's smoking, it is improper to conclude that smoking renders incredible a claimant's allegations of subjective symptoms if no medical evidence links the symptoms directly to her smoking. *See Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000). Though Plaintiff had been advised by her doctors to stop smoking, neither the ALJ nor the Commissioner has identified any medical evidence linking Plaintiff's symptoms directly to her smoking. Accordingly, this also fails to support the ALJ's conclusion of inconsistency.

As the Commissioner argues, the ALJ's credibility finding regarding subjective symptoms should be upheld if it has some support in the record and is not patently wrong. *Dixon v. Massanari*, 270 F.3d 1171, 1178-79 (7th Cir. 2001); *Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir. 1989). However, here every single reason the ALJ has provided fails to support the ALJ's finding that Plaintiff's activities are inconsistent with the alleged severity of her symptoms. Accordingly, the ALJ's evaluation of Plaintiff's subjective symptoms cannot be upheld because no logical bridge connects the evidence to the ALJ's conclusion.

Moreover, the record documents repeated complaints of pain in Plaintiff's left leg, knee, and hip, her back, and her right hand; joint stiffness; fatigue; weakness; chronic dyspnea; and chronic cough. *See, e.g.*, (AR 656, 663, 679, 706, 802). Medical professionals noted pain with cervical and lumbar range of motion, tenderness on palpation on the thoracic spine and the left knee, diminished range of motion in bilateral knees, left knee swelling, pain with left hip Patrick's test attempt, and shortness of breath. (AR 666, 680, 830, 1176, 1364).

The ALJ's decision is reversed for the finding Plaintiff's alleged subjective symptoms to be inconsistent with the record but then not identifying any actual inconsistency, thus failing to create a logical bridge from the evidence to her conclusion.

### B. Medical Opinion Evidence

For claims like this one filed prior to March 27, 2017, the ALJ "should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2) (replaced by 20 C.F.R. §404.1520c for claims filed after March 27, 2017); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). When a treating source's opinion is not assigned controlling weight, the ALJ should still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). "[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Treating physician Dr. Quadri opined that Plaintiff could not sit, stand, and walk for a total of eight hours in a workday. (AR 1196). Treating orthopedist Dr. Cole opined that Plaintiff could work 4-6 hours per day with frequent breaks, lift up to 20 pounds, and push or pull up to 100 pounds. (AR 618). In assigning little weight to both of these opinions, the ALJ relied, in part, on

6

Plaintiff receiving her master gardener's certificate, being "independent in her activities of daily living, and working part-time as a floral delivery driver. (AR 25-26, 27-28). As found above, these activities are within the capabilities testified to by Plaintiff and as opined to by Dr. Quadri and Dr. Cole. On remand, the ALJ should not find discount medical opinions due to Plaintiff's activities that are within the bounds of the physicians' opinions of Plaintiff's abilities.

### C. Mental Impairments

Plaintiff argues that the administrative record shows that she has mental impairments, which the ALJ did not properly account for. The ALJ recounted Plaintiff's history with depressive and anxious symptoms and diagnoses of episodic mood disorder, major depressions (single episode), and adjustment disorder with mixed anxiety and depressed mood. (AR 18-19).

The ALJ found Plaintiff's depression and adjustment disorder to be non-severe at step two of the sequential process. She found that the impairments caused mild limits in interacting with others and concentrating, persisting, or maintaining pace. (AR 18-19). Plaintiff asserts that the ALJ's failure to include any mental limitations in Plaintiff's RFC is a reversible error. Plaintiff maintains that the ALJ needed to explain why she did not find Plaintiff to be limited in the ability to focus on work or perform at an average rate.

The ALJ cited the State agency psychologists in support of her decision, and these psychologists also opined to Plaintiff having only mild limitations due to her mental impairments. *See* (AR 87, 99, 114, 127). Plaintiff's argument here is essentially a request for the Court to reweigh the evidence, which the Court will not do. There is no independent basis for remand here.

### D. Request for Benefits

Though Plaintiff has requested remand for an award of benefits, the appropriate relief is the alternative request for remand for further administrative proceedings because the Court cannot

say that "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings. The Court **DENIES** the request for an award of benefits.

SO ORDERED on November 16, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT